IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RENIKA FRANKS**                                                              **PLAINTIFF**

**VERSUS**                                                     **CAUSE NO.** 3:22CV194-MPM-RP

**CITY OF OXFORD, MISSISSIPPI and**
**OXFORD HOUSING AUTHORITY**                          **DEFENDANTS**

                                                                     **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages for race and/or gender discrimination and for retaliation because Plaintiff opposed race and/or gender discrimination by filing an EEOC charge. The following facts support this action:

1.

Plaintiff RENIKA FRANKS is an adult resident citizen of 4900 Highway 15 North, Ecru, Mississippi 38841.

2.

Defendant CITY OF OXFORD, MISSISSIPPI ("the City") is a political subdivision of the State of Mississippi. Defendant City may be served with process upon its Mayor, Robyn Tannehill, at 107 Courthouse Square, Oxford, Mississippi 38655.

Defendant OXFORD HOUSING AUTHORITY ("Housing Authority") is a separate legal entity, and is also a political subdivision of the State of Mississippi. Defendant Housing Authority

may be served with process upon its Executive Director, Jonathan Hill, at 900 Molly Barr Road, Oxford, Mississippi 38655.

The City of Oxford and the Housing Authority have a contract whereby the City will provide one or more officers to work full-time for the Housing Authority, and the Housing Authority would pay a substantial part of the officer(s) salary. *See* Contract, attached hereto as Exhibit "A." Thus, the City and the Housing Authority were joint employers of Plaintiff during the period of time relevant to this Complaint.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343. Plaintiff brings her claim of race and/or gender discrimination, and retaliation against Defendants under the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This action is authorized by 42 U.S.C. § 1983.

4.

Plaintiff, a black female, has been an Oxford, Mississippi police officer since February 2015.

5.

In 2017, Plaintiff was transferred to the Oxford Housing Authority. At the time, Collins Bryant (white male) was the Officer in Charge ("OIC"). Pursuant to Oxford Police Department General Order 8.10 Housing Department, the OIC holds the rank of sergeant. *See* General Order 8.10, attached hereto as Exhibit "B." When Plaintiff was transferred to the Housing Authority, she became Sergeant Bryant's subordinate because he was already the OIC. The Housing Authority did not demote Bryant and conduct interviews to determine who was more qualified to be the OIC between the two (2) of them.

6.

Plaintiff loved her assignment to the Oxford Housing Authority. Plaintiff cared about the residents at the Oxford Housing Authority, ninety-eight percent (98%) of whom were poor and black. Plaintiff's compassion for residents of the Housing Authority and her strong relationships with them caused crime at the Oxford Housing Authority to diminish substantially.

7.

In 2019, Bryant left his employment with the Oxford Police Department, and, thus, the Housing Authority, and Plaintiff became the OIC, the only Oxford police officer assigned full-time to the Housing Authority. Around seven (7) months later, Art Watts (white male) was moved to the Housing Authority. Captain Alan Ivy advised Watts that Plaintiff was the OIC, and he would be working under Plaintiff. Around March 2020, Watts ceased working for the Housing Authority, but remained employed by the Oxford Police Department.

8.

Around August 2020, Cody Pruitt (white male) was transferred to work full-time at the Housing Authority. Because Plaintiff was already the OIC, Pruitt came in as her subordinate. However, later, the Housing Authority's Director, Jonathon Hill (white male), asked that Pruitt receive a raise because he was experiencing financial hardship. Hill was advised by the police chief's personal assistant, Conetta Nelson, that they could not legally do that because it could cause a lawsuit to pay Pruitt more than Plaintiff since Plaintiff held a higher rank than Pruitt. Police Chief McCutchens (white male) denied Pruitt's raise and advised them to come up with another plan to accomplish paying Pruitt more.

9.

The Defendants then devised a scheme whereby they would come up with a new job title, thereby effectively eliminating Plaintiff's position as OIC. Next, Defendants would conduct interviews to make it look like everything was legitimate, even though the decision had already been made to demote Plaintiff and make Pruitt the OIC. Plaintiff and Pruitt both applied for this new pretextual position.

10.

In order to make this sham process seem more legitimate, Defendants asked two (2) black females from the Housing Department to conduct the interviews, even though they were not the actual decision makers. Captain Ivy was also present at Plaintiff's interview, and he told Plaintiff that she was more of a social worker than a police officer, and that Plaintiff helped people too much. Captain Ivy stated that Plaintiff attending court hearings with tenants and mentoring tenant's children was not real police work, and that Plaintiff should be writing tickets and taking these persons to jail. Plaintiff advised Captain Ivy that she would never falsely write a ticket or arrest anyone who had not committed a crime, as she took an oath to serve her community.

11.

This was not the first time that Captain Ivy had criticized Plaintiff because she cared too much about her community. In 2019, Captain Ivy told Plaintiff that he and some other officers did not believe she was "blue enough." Plaintiff responded that she did not know what being not "blue enough" meant, but if he was claiming it meant she would not lie and cover up for another officer, then it was true, she was not "blue enough." Plaintiff informed Captain Ivy that she took an oath to serve and protect her community and that was what she was called to do. Further, Plaintiff told

Captain Ivy that she would never be a part of the "Good Ole Boy" system that covers up for bad police officers.

12.

Not surprisingly, after the interviews, Pruitt was promoted to the new position, and Plaintiff was effectively demoted. Plaintiff was told by the command staff, Captain Ivy and the Deputy Chief, that the four (4) sergeants of the Oxford Police Department (all white males) had expressed that they would prefer working with Pruitt, who was also a white male. Plaintiff was also told that she did not issue enough citations or arrest enough people. Plaintiff told Defendants that she would not falsely issue citations or arrest persons for no good reason, because it would be unethical.

13.

Distraught over being demoted because of her race and gender, Plaintiff took some days off for medical leave from September 4, 2021, until September 21, 2021. However, when Plaintiff's medical provider asked that she be allowed to return on light duty, it was denied. Plaintiff was not allowed to return to work at the Housing Authority until November 15, 2021.

14.

In December 2021, Plaintiff filed EEOC charges against the City of Oxford and the Oxford Housing Authority claiming gender and race discrimination. Both Defendants filed position statements with the EEOC making false and pretextual claims as to why they made Pruitt the top person at the Housing Authority.

15.

For example, Defendants claim that Plaintiff only wanted to work days. This is completely false, and Defendants knew that. Plaintiff had worked rotating/swing shifts in her various jobs for

the past seventeen (17) years. Defendants also would not count the years she had worked at the Verona Police Department as police experience. Plaintiff has worked for both police departments for many years and is currently the Assistant Police Chief in Verona, Mississippi. Defendants also claimed she did not have on the proper vest. In fact, Plaintiff was asked to turn in her vest in 2019 because it had "recently expired," and did not replace it with a proper vest for several months.

16.

In the summer of 2022, Cody Pruitt left his position with the Oxford Police Department/Housing Authority. Instead of restoring Plaintiff to her position as the OIC at the Housing Authority and bringing in a subordinate under her, the City retaliated against Plaintiff because she had EEOC charges and eliminated the law enforcement position at the Housing Authority and moved Plaintiff back to working as a patrol officer.

17.

Plaintiff has filed an EEOC charge against Defendant City, attached hereto as Exhibit "C," filed an amended EEOC charge against Defendant City, attached hereto as Exhibit "D," and received the right to sue letter with respect to that charge, attached hereto as Exhibit "E." Plaintiff has filed an EEOC charge against Defendant Oxford Housing Authority, attached hereto as Exhibit "F," and received the right to sue letter with respect to that charge, attached hereto as Exhibit "G."

18.

Plaintiff has suffered lost income, mental anxiety and stress because of Defendants' actions.

## REQUEST FOR RELIEF

Plaintiff requests actual damages against Defendants in an amount to be determined by a jury, reinstatement to her former position as the senior officer in charge of the Oxford Housing Authority, and reasonable attorneys' fees, costs and expenses.

RESPECTFULLY SUBMITTED, this the 9th day of September, 2022.

        RENIKA FRANKS, Plaintiff

By:   */s/ Jim Waide*
       Jim Waide, MS Bar No. 6857
       waide@waidelaw.com
       WAIDE & ASSOCIATES, P.A.
       Post Office Box 1357
       Tupelo, MS 38802-1357
       (662) 842-7324 / Telephone
       (662) 842-8056 / Facsimile

       ATTORNEYS FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named RENIKA FRANKS, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
RENIKA FRANKS

GIVEN under my hand and official seal of office on this the 7th day of September, 2022.

(SEAL)

_____
NOTARY PUBLIC

My Commission Expires: July 15, 2026